IN THE UNITED STATES DISTRICT COURT OF MARYLAND
Baltimore Division

| | |
|---|---|
| **BERTHA GREEN**<br><br>PLAINTIFF<br><br>VS-<br><br>**PRRC, INC. D/B/A PRICE RITE OF ROSEDALE PLAZA , ET AL**<br><br>DEFENDANTS | Civil Case No.: 1:25-cv-00385 |

## MOTION TO REMAND AND FOR SANCTIONS

**NOW COMES,** Bertha Green (the "Plaintiff"), by and through Kim Parker, Esquire and The Law Offices of Kim Parker, P.A., hereby moves this Honorable Court to remand this case to the Circuit Court for Baltimore City and for sanctions against Defendant PRRC, Inc. d/b/a Price Rite of Rosedale Plaza ("Price Rite") for improper removal. This Motion is based on multiple procedural defects that render the removal improper and mandate remand to state court. In support of this motion, state:

1. On February 7, 2025, Defendant Price Rite improperly removed this action from the Circuit Court for Baltimore City to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332 as the sole basis for federal jurisdiction. The removal is procedurally defective for several independent reasons, each of which requires remand to state court.

2. First, Price Rite's Notice of Removal fails to demonstrate the consent of all defendants, which is an absolute requirement for removal under 28 U.S.C. § 1446(b)(2)(A). The rule of unanimity in removal cases is well-established, requiring that all properly served defendants must either join in or consent to the removal. Price Rite's unilateral removal without obtaining or

demonstrating the consent of all co-defendants violates this fundamental requirement and renders the removal procedurally defective. This requirement, known as the rule of unanimity, is not merely procedural but rather a substantive limitation on this Court's removal jurisdiction. Price Rite's Notice of Removal neither includes nor references any consent from co-defendants, rendering it procedurally defective. See *Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 741 (4th Cir. 2013) (finding that all defendants must consent to the notice of removal)

3. Second, the removal is untimely with respect to Defendant DDS Investments, II ("DDS"). The record clearly shows that DDS was served with the Complaint on January 7, 2025. Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty days after service of the complaint. Price Rite's removal on February 7, 2025 - thirty-one days after service on DDS - falls outside this mandatory thirty-day window. This timing defect independently requires remand to state court. See *Affidavit of Service.*

4. Third, and perhaps most significantly, the Notice of Removal is fatally defective because it fails to properly allege the citizenship of Defendant DDS, a Limited Liability Company. It is black-letter law that the citizenship of an LLC is determined by the citizenship of each of its members, not by its state of organization or principal place of business. As the Fourth Circuit and numerous other courts have consistently held, a party asserting diversity jurisdiction must identify and allege the citizenship of each member of any LLC party to establish complete diversity. *See Chapman v. Barney*, 129 U.S. 677, 682 (1889)( The citizenship of a limited liability company is based on the citizenship of all of its members).

5. The requirement to properly allege LLC citizenship is explicitly reinforced by this Court's Local Rule 103(3)(a), which mandates proper jurisdictional allegations in diversity cases. Price Rite's Notice of Removal contains no information about DDS's members, making it

impossible for this Court to determine whether complete diversity exists, therefore the notice of removal is defective in this regard.

6.These procedural defects are not mere technical oversights but rather fundamental jurisdictional flaws that preclude this Court from exercising jurisdiction over this matter. Price Rite's failure to comply with basic removal requirements demonstrates either a concerning lack of due diligence or a deliberate disregard for well-established procedural requirements.

7.The fundamental principles governing removal to federal court are well-established. When a defendant seeks to remove a case based on diversity jurisdiction, they must strictly comply with both statutory requirements and judicial precedent. Price Rite's removal fails on these multiple grounds. The burden of demonstrating jurisdiction, and the propriety of removal, rests with the removing party. *See Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004).

8.Given the multiple clear procedural defects in the removal, sanctions in the form of attorneys' fees and costs are not only appropriate but necessary under 28 U.S.C. § 1447(c). Price Rite's failure to comply with basic removal requirements demonstrates a lack of reasonable inquiry into well-established procedural requirements. The imposition of sanctions would serve both to compensate Plaintiff for unnecessary litigation expenses and to deter future improper removals.

9.Courts have consistently held that when a removal is clearly improper, as it is here, the award of fees and costs is appropriate. Price Rite's actions have needlessly delayed these proceedings and forced Plaintiff to incur significant expenses in seeking remand. Justice requires that Plaintiff be made whole for these unnecessary expenses.

WHEREFORE, for all the foregoing reasons, this Court should remand this case to the Circuit Court for Baltimore City and award Plaintiff reasonable attorneys' fees and costs incurred as a result of the improper removal.

Respectfully Submitted,

*Kim Parker*

_____

**KIM PARKER, ESQUIRE**
Bar No.: 23894
LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 443-486-1691
E. kp@kimparkerlaw.com
COUNSEL FOR PLAINTIFF

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th *day February* 2025, a copy of the foregoing Motion to Remand was served, via electronic notice to:

Megan O'Connor, Esquire
Counsel for Defendant DDS Investments
Via Email: Megan.OConnor@selective.com

Jennifer King, Esquire
Counsel for Defendant PRRC
Via Email jking@decarodoran.com

*Kim Parker*

_____
**KIM PARKER, ESQUIRE**
**COUNSEL FOR PLAINTIFF**