IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BERTHA GREEN | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:25-cv-00385-JRR |
| | : | |
| PRRC, INC. d/b/a PRICE RITE | : | |
| OF ROSEDALE PLAZA, et al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT PRRC, INC., d/b/a PRICE RITE OF ROSEDALE PLAZA'S
MOTION FOR LEAVE TO AMEND NOTICE OF AND PETITION FOR REMOVAL**

COMES NOW the Defendant, PRRC, Inc. d/b/a Price Rite of Rosedale Plaza, by and through its attorneys, Jennifer A. King, Esquire and DeCARO, DORAN, SICILIANO, GALLAGHER & DeBLASIS, LLP, and moves herein to amend its Notice and Petition for Removal (ECF no. 1) and in support thereof states as follows:

The record in this matter does not reveal, nor has any party argued, that diversity jurisdiction is not present. Rather Plaintiff, Bertha Green, claims the Notice of Removal (ECF No. 1) is procedurally defective because it fails to properly allege the citizenship of DDS Investments II, LLC (hereinafter "DDS") and that Defendant, PRRC, Inc. d/b/a Price Rite of Rosedale Plaza (hereinafter "PRRC") was not able to obtain the consent of DDS to removal prior to filing its Notice on February 7, 2025. Accordingly, as the time for removal has not expired, PRRC should be permitted leave to amend the Notice of Removal to allege "distinctly and affirmatively" the jurisdictional facts that give rise to diversity jurisdiction and to incorporate DDS' consent to removal. Such amendment would

be in the interest of justice and judicial economy. (PRRC's Amended Petition for Removal is attached hereto and incorporated herewith as Exhibit A).

I. **STATEMENT OF RELEVANT FACTS**

1. Plaintiff, Bertha Green, filed a Second Amended Complaint in the Circuit Court for Baltimore City, Maryland on September 11, 2024, against Defendants, PRRC, DDS, and Corporate Doe(s), for injuries she sustained in the parking lot of a store allegedly owned and/or operated by Defendants. (ECF No. 1-6).

2. With respect to PRRC, Plaintiff alleged it is a "corporation organized under the laws of the State of Delaware but having a substantial presence in the State of Maryland." (ECF No. 1-6, ¶ 2).

3. With respect to DDS, Plaintiff alleged it is "foreign limited liability company, created organized and existing under and by virtue of the laws of the State of Delaware, but having a substantial presence in the State of Maryland." (ECF No. 1-6, ¶ 3).

4. PRRC was served with a Summons and Second Amended Complaint on January 10, 2025.

5. PRRC filed a Notice of Removal on February 7, 2025, within thirty (30) days of receipt of service on PRRC, and within one year of the commencement of the action. (ECF No. 1).

6. Plaintiff filed an Affidavit of Service stating DDS was served on January 7, 2025. (ECF No. 2).

7. Plaintiff filed a Motion to Remand and for Sanctions on February 9, 2025. (ECF No. 3).

2

8. Counsel for DDS advised the undersigned on February 11, 2025, via email that all members of DDS live in Delaware and DDS consents to the removal. (See Email attached hereto as Exhibit B).

9. Plaintiff filed a Motion for Order of Default for Failure to Answer Complaint as to DDS on February 13, 2025. (ECF No. 7).

10. On February 13, 2025, DDS filed an Answer. (ECF No. 8).

11. In its' Answer, DDS alleged it is a foreign limited liability company created, organized and existing in Delaware with its principal place of business in Delaware and further stated that all members of DDS are citizens of Delaware. (ECF No. 8, ¶ 3).

12. DDS also filed a Disclosure Statement on February 13, 2025, stating that the individual members of DDS are not residents of Maryland. (ECF No. 9).

13. DDS filed a Notice of Consent to Notice of Removal on February 18, 2025. (ECF No. 14).

14. Counsel for DDS advised the undersigned on February 23, 2025, via email the sole member of DDS is Robert Stella, a citizen of Delaware. (See Exhibit C).

15. Counsel for DDS provided an Affidavit of Robert Stella on February 28, 2025, wherein he states that in addition to himself, there are three limited partners, Denise Cresswell, David Stella, and Joanne Gundlack who are residents of Wilmington, Delaware and Plymouth Meeting, Pennsylvania. (See Affidavit of Robert Stella attached hereto and incorporated herewith as Exhibit D).

3

## II.  ARGUMENT

### A. The 30-day removal period has not expired and therefore amendments to the Notice of Removal are permissible.

It is well-settled that during the 30-day removal period a removal petition may be amended to correct any defects. *See* Wood v. Crane Co., 764 F.3d 316, 322 (4th Cir. 2014). It is clear that the 30-day deadline for removal was not triggered in this case until PRRC was first able to ascertain removability. *See* 28 U.S.C. § 1446(b); Lovern v. General Motors Corp., 121 F.3d 160, 163 (4th Cir. 1997); Northrop Grumman Tech. Servs. V. DynCorp Int'l LLC, 865 F.3d 181, 186-87 (4th Cir. 2017). The jurisdictional facts as set forth in Plaintiff's Second Amended Complaint revealed Plaintiff is a citizen of Maryland and that PRRC and DDS were both formed in Delaware but it lacked information as to the citizenship of the members of DDS' limited liability company. At the earliest, PRRC's deadline began to run on February 11, 2025, when Counsel for DDS advised the undersigned via email that all members live in Delaware which would be March 13, 2025. (See Exhibit B). At the latest, PRRC's deadline began to run on February 28, 2025, when Counsel for DDS advised the undersigned via email that there were four members of DDS, none of which are citizens of Maryland. (See Exhibit D).

This Honorable Court explained in Bethesda Chevy Chase Surgery Ctr. LLC United Healthcare Ins. Co., 2016 U.S. Dist. LEXIS at 11 (D. Md. May 27, 2016):

> [O]nly where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or indeed misstated, that circumstance makes the case -stated by the initial pleading" not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal....

4

>*Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). In *Lovern*, the Fourth Circuit rejected application of a subjective test for determining whether a case as "stated by the initial pleading" is one that is removable. In other words, the Fourth Circuit explained that it would "not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when." *Id*. Rather, to determine whether a case is removable, a court must "rely on the face of the *initial pleading* and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds *be apparent within the four, corners of the initial pleading or subsequent paper*." *Id*. (emphasis added). . . .
>
>Notwithstanding this objective test, other courts have noted that a defendant "must still apply a reasonable amount of intelligence in ascertaining removability." *Cull-one v. Mortgage Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014) (internal quotation marks and citations omitted). A defendant may not, for instance, claim ignorance of its own domicile if it seeks to remove a case on the basis of diversity jurisdiction. *See. e.g., Mai Dang v. Target Corp.*, No. CIV.A. TDC-14-2215, 2014 U.S. Dist. LEXIS 165523, 2014 WL 6705375, at *4 (D. Md. Nov. 26, 2014) (distinguishes *Lavern* and noting that "there was no possibility that Target did not know the sites of its principal place of business"). But a defendant is not obligated to conduct an investigation into the possibility of removability. *See Cull-one*, 749 F.3d at 143 ("[D]efendants have no independent duty to investigate whether a case is removable"): *see also Graiser v. Visionworks of Am., Inc.*, No. 16-3167. ---F.3d---, 819 F.3d 277, 2016 U.S. App. LEXIS 6266, 2016 WL 1359048, at *7 (6th Cir. Apr. 6, 2016); *Citrano v. John Crane-Houdaille, Inc.*, 1 F. Supp. 3d 459, 465 & n.11 (D. Md. 2014): *Surgcenter of W. Maryland, LLC v. Cigna Health & Life Ins. Co.*, No. CV DKC 15-3147, 2015 U.S. Dist. LEXIS 172800, 2015 WL 9490225, at *3 (D. Md. Dec. 30, 2015).

Bethesda Chevy Chase at *6-8 (emphasis in original).

In Lovern v. General Motors Corp., 121 F.3d 160, 161 (4th Cir. 1997), the United States Court of Appeals for the Fourth Circuit held that the original pleading did not reveal plaintiff's citizenship and therefor did not reveal grounds for removal. The defendant first received notice of the plaintiff's citizenship when it received a copy of the police report in discovery and upon receipt of answers to interrogatories. The defendant's notice of removal was timely filed within 30 days of the receipt of the "other paper". Lovern,121 F.3d at 163. The Fourth Circuit also addressed this

5

issue in Boss v. Nissan North America, Inc., 228 Fed.Appx. 331 (4th Cir.2007) (documents showing diversity revealed during discovery qualify as "other paper" pursuant to §1446(b)(3) and trigger removal).

It is clear that the 30-day deadline for removal was not triggered in this case until PRRC was first able to ascertain removability. Lovern,121 F.3d at 163. As the time for removal has not passed, PRRC can amend the Notice of Removal to affirmatively and distinctly allege citizenship of all parties and to indicate the consent of DDS to the removal.

Even after the expiration of the 30-day removal period, the courts have discretion to permit amendments to correct allegations in a notice of removal such as the specific grounds underlying diversity jurisdiction. *See* Wood v. Crane Co., 764 F.3d 316, 323 (4th Cir. 2014); *see also* 28 U.S.C. § 1653 ( provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts"). An amendment should be allowed where a defendant seeks to "elaborat[e] on an existing basis or ground for subject matter jurisdiction, but not where a defendant seeks to introduce a new ground or basis for subject matter jurisdiction." Arlington Cmty. Fed. Credit Union v. Berkley Reg'l Ins. Co., 57 F. Supp. 3d 589, 597-98 (E.D. Va. 2014); *see also* Muhlenbeck v. KI, LLC, 304 F. Supp. 2d 797, 800-801 (E.D. Va. 2004) (defendant properly allowed to amend its notice of removal when defendant alleged diversity jurisdiction but did not specifically allege the citizenship of plaintiff, an LLC); Meyn Am., LLC v. Omtron USA, LLC, 856 F. Supp. 2d 728 (M.D. Va. 2012) (defendant provided twenty days within which to file an amended notice of removal to allege sufficient facts to establish citizenship of the members of the LLC); Molnar-Szilasi v. Sears Roebuck & Co., 429 F. Supp. 2d 728 (D. Md. 2006) (motion to remand denied and defendant's motion for leave to amend the notice of removal to specify plaintiff's citizenship granted); Dye v.

6

Sexton, 695 Fed. Appx. 482, 485 (11th Cir. 2017) (defendant permitted leave to amend his notice of removal to correct the jurisdictional allegations, i.e. defendant was not a corporation but was a limited liability company with only one member).

PRRC further incorporates by reference as if fully stated herein the Opposition to Motion for Remand and for Sanctions filed February 23, 2025. (PRRC's Opposition, ECF No. 17).

The record in this matter does not reveal, nor has any party argued, that diversity jurisdiction is not present. The amendments PRRC seeks are not to introduce a new ground or basis for subject matter jurisdiction, but rather elaborate. Accordingly, as the time for removal has not expired, PRRC should be permitted leave to amend the Notice of Removal to allege "distinctly and affirmatively" the jurisdictional facts that give rise to diversity jurisdiction and to incorporate DDS' consent to removal. Such amendment would be in the interest of justice and judicial economy. PRRC should not be denied its' right to remove simply because the removal was filed prematurely.

WHEREFORE, the Defendant, PRRC, Inc., d/b/a Price Rite of Rosedale Plaza, respectfully requests that Defendant's Motion for Leave to File Amended Notice of and Petition for Removal be and is hereby GRANTED, and that Defendant, PRRC, Inc., d/b/a Price Rite of Rosedale Plaza's Amended Petition for Removal is deemed timely filed.

Respectfully submitted,

DeCARO, DORAN, SICILIANO,
 GALLAGHER & DeBLASIS, LLP


By: /s/Jennifer A. King
Jennifer A. King, #17248
17251 Melford Boulevard, Suite 200
Bowie, Maryland 20715
(301) 352-4950
(301) 352-8691 - Fax
jking@decarodoran.com
**Counsel for Defendant**
**PRRC, Inc., d/b/a Price Rite of Rosedale Plaza**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **6th** day of March**, 2025,** a copy of the foregoing Motion for Leave to File Amended Petition for Removal was electronically filed and served upon:

Kim Parker, Esquire
Law Offices of Kim Parker, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
*Counsel for Plaintiff*

Megan O'Connor, Esquire
Law Office of Jacquelyn Kramer
10420 Little Patuxent Parkway, Suite 495
Columbia, Maryland 21044
*Counsel for Defendant,*
*DDS Investments II, LLC*

/s/Jennifer A. King
Jennifer A. King, #0712110064

8