## IN THE UNITED STATES DISTRICT COURT OF MARYLAND
**Baltimore Division**

**BERTHA GREEN**

      PLAINTIFF

VS-

**PRRC, INC. D/B/A PRICE RITE OF ROSEDALE PLAZA , ET AL**

      DEFENDANTS

Civil Case No.: 1:25-cv-00385

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL

**NOW COMES,** Bertha Green (the "Plaintiff"), by and through her attorneys,  Kim Parker, Esquire and The Law Offices of Kim Parker, P.A., and files her Opposition to Defendant's Motion for Leave to Amend Notice of Removal, and for reasons state:

1. Defendant PRRC, Inc.'s motion for leave to amend its Notice of Removal warrants denial. While PRRC contends that its proposed amendments would clarify the parties' citizenship and co-defendant DDS Investments II, LLC's (DDS) consent to removal, these modifications fail to address the fundamental jurisdictional defects inherent in the original Notice of Removal. Moreover, permitting such amendments would further exacerbate the procedural delays that have already hampered this litigation's progress.

2. The statutory requirements for removal based on diversity jurisdiction are explicit. Under 28 U.S.C. § 1441, a civil action must be removable to federal court if the parties are completely diverse and the amount in controversy exceeds $75,000. A notice of removal must be filed within 30 days of receipt by the defendant of the initial pleading setting forth the claim or an amended pleading that alleges a ground for removal. (28 U.S.C. § 1446).

1

3.The decision in *Covert v. Automotive Credit Corp*., 968 F. Supp. 2d. 746, 750 (D. Md. 2013) provides strong support for a remand of this case to the state court. Although the facts in *Covert* are dissimilar to the present case, Judge Bredar's review of the applicable principles reveals their relevance to the instant proceedings. The essential finding there was that the defendant "did not merely make a defective allegation, it utterly failed to allege a jurisdictional fact." 968 F. Supp. 2d at 750. The policy underlying the legislative requirement was concisely stated as follows:

> Allowing amendments to include entirely new allegations would "substantially eviscerate" the thirty-day time limit for removal prescribed by Congress in § 1446(b). Council of Unit Owners of Fireside Condominium, 2013 WL 2370515 at *3 (quoting Mann Bracken, 2012 WL 2921355 at *6). This definite time limit, prescribed by Congress, is necessary to allow parties quickly to know what court has jurisdiction over their case

4.As pointed out herein, at no time during the thirty-day period following service upon the last of the Defendants was there any indication to the Court that DDS had consented to removal. Whatever private conversations may have taken place between counsel for the Defendants are insufficient to satisfy the clear direction of the statute. Case law on this issue provides full support for a denial of the Notice of Removal and for a remand to the state court.

5. Instructive also is the decision in *Johnson v. Nutrex Research, Inc*., 429 F. Supp. 2d 723 (D. Md. 2006), addressing a factual situation similar to the one in the present case. Insofar as pertinent here, the second basis for the Court's remand to the state court there supports such action by this Court. Cited in support of such ruling was a decision by the District Court in West Virginia which refused to grant defendants' request that they be allowed to cure their failure to file a notice of removal joined by all defendants. "**[T]he failure to file a notice joined by both Nutrex and GNC is not a mere technical defect of the type that courts have permitted a removing defendant to correct after the time for removal has expire**d." 429 F. Supp. 2d at 728.

6. That decision also relied upon a ruling of Judge Joseph H. Young in *Egle Nursing Home Inc. v. Eric Insurance Group*, 981 F. Supp. 932 (D. Md. 1997), which granted a motion to remand and denied a defendant's motion to correct defect by amending its notice of removal to reflect consent of all defendants. That case held that "the consent of all defendants to removal is not a mere technicality, but an important part of the burden carried by the party seeking removal jurisdiction." Id. 935. Another decision from a district court in this Circuit was cited which is most apropos to the issue now under consideration. In that instance the defendants' notice of consent outside of the thirty-day statutory period for removal was found to be insufficient to constitute consent for removal under the statute. Id. The cited holding observed that to hold otherwise would violate the principle of strict construction of removal statutes, and "effectively negate the mandatory requirements of 28 U. S. C. 1446." 429 F. Supp. 2d at 728.

## CONCLUSION

The record clearly establishes the absence of timely consent necessary to satisfy the unanimity requirement. Given these circumstances and the controlling legal authority's prohibition against accepting amended notices of removal in such instances, this Court should deny leave to amend the Notice of Removal. Based on the foregoing arguments and cited authorities, Plaintiff respectfully submits that such action is warranted.

Respectfully Submitted,

*Kim Parker*

_____
**KIM PARKER, ESQUIRE**
Bar No.: 23894
LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621

3

F: 443-486-1691
E. kp@kimparkerlaw.com
COUNSEL FOR PLAINTIFF

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th *day March* 2025, a copy of the foregoing Motion to Remand was served, via electronic notice to:

Megan O'Connor, Esquire
Counsel for Defendant DDS Investments
Via Email: Megan.OConnor@selective.com

Jennifer King, Esquire
Counsel for Defendant PRRC
Via Email jking@decarodoran.com

*Kim Parker*

_____

**KIM PARKER, ESQUIRE**
**COUNSEL FOR PLAINTIFF**