IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**BERTHA GREEN,**

    *Plaintiff*,

    v.

**PRRC, INC.,** *et al.*,

    *Defendants*.

Civil No.: 1:25-cv-00385-JRR

### MEMORANDUM OPINION AND ORDER

Pending before the court are Plaintiff's Motion to Remand to State Court (ECF No. 3, the "Motion to Remand") and Defendants' Motion for leave to File Amended Petition for Removal (ECF No. 18). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023).

Plaintiff initially filed this action in the Circuit Court for Baltimore City, Maryland (Case No. C-24-CV-24-00343). In the second Amended Complaint filed in the Circuit Court, Plaintiff alleged, in pertinent part, that:

> Plaintiff Bertha Green resides in Baltimore City, Maryland.
>
> Defendant, PRRC, INC. D/B/A PRICE RITE OF ROSEDALE PAZA, (hereinafter "Price Rite"), is a corporation organized under the laws of the State of Delaware but having a substantial presence in the State of Maryland. At all times relevant herein, Defendant operated its business form 1753 Chesaco Ave, Baltimore, MD 21237 (hereinafter referred as "The Premises"). …
>
> Defendant DDS INVESTMENT II, LLC (hereinafter referred as "DDS"), at all times herein mentioned, was and still is a foreign limited liability company, created and organized and existing under and by virtue of the law of the State of Delaware, but having a substantial presence in the State of Maryland. …

>   Defendant Company DOES ("DOE Defendants"), upon information and belief are residents of the State of Maryland, and or conduct business in The State, including Baltimore City.

(ECF No. 4 at pp. 1–2.)

On February 7, 2025, Defendant PRRC INC. D/B/A PRICE RITE OF ROSEDALE PAZA ("PRRC") removed this action from the Circuit Court on the grounds of complete diversity of citizenship pursuant to 28 U.S.C. §§ 1441 and 1332. (ECF No. 1, "Notice of Removal" ¶ 4.) Two days later, Plaintiff filed the Motion to Remand. (ECF No. 3.) Plaintiff seeks remand because the Notice of Removal did not indicate all parties' consent as required by 28 U.S.C. § 1446(b)(2)(A), was untimely with respect to Defendant DDS INVESTMENT II, LLC ("DDS"), and failed to properly allege the citizenship of Defendant DDS. (ECF No. 3 at pp. 1–2.)

Under 28 U.S.C. § 1441(a), a party may remove a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Under the removal statute, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant' to federal court." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting 28 U.S.C. § 1441(a)). Removal jurisdiction raises "significant federalism concerns," *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)), and therefore federal courts must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997) (citations omitted). "The party seeking to remove a case to federal court has the burden of demonstrating federal jurisdiction." *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016) (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th

Cir. 2004)). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (quoting *Mulcahey*, 29 F.3d at 151).

Generally, "the notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," however, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446(a), (b)(3); *Lovern v. Gen. Motor Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) (concluding where an initial pleading fails to reveal grounds for removal, "defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal, provided that, in diversity cases, no more than a year shall have passed from the date of the initial pleading."); *see also Bethesda Chevy Chase Surgery Ctr., LLC v. Unitedhealthcare Ins. Co.*, No. GJH-15-3496, 2016 WL 3042957, at *1–2 (D. Md. May 27, 2016) (same).

Where, as here, the basis for federal jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332, a case may not be removed more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c)(1). Otherwise, "[a] defendant may freely amend the notice of removal within the thirty-day period for removal set forth by 28 U.S.C. § 1446(b)." *Covert v. Auto. Credit Corp.*, 968 F. Supp. 2d 746, 749 (D. Md. 2013).

Plaintiff's amended complaint failed to plead Defendant DDS' citizenship for purposes of 28 U.S.C. § 1332. As set forth above, in regards to Defendant DDS, the amended complaint

3

alleged: DDS "was and still is a foreign limited liability company, created and organized and existing under and by virtue of the law of the State of Delaware, but having a substantial presence in the State of Maryland." (ECF No. 4 at p. 2.) It is well established that the citizenship of a limited liability company like DDS is determined by the citizenship of all of its members. *Capps v. Newmark S. Region, LLC*, 53 F. 4th 299, 302 (4th Cir. 2022); *see Brown Goldstein Levy LLP v. Fed. Ins. Co.*, 68 F.4th 169, 173 n.2 (4th Cir. 2023) (same). Plaintiff's amended complaint did not plead any factual allegations regarding the citizenship of DDS' members.

On February 13, 2025, Defendant DDS filed an answer to the Amended Complaint wherein it stated it is a citizen of Delaware and all of its members are citizens of Delaware. (ECF No. 8 ¶ 3.) On February 18, Defendant DDS filed a Notice of Consent to Notice of Removal indicating its consent to removal. (ECF No. 14.) Subsequently, Defendant PRRC filed its opposition to the Motion to Remand (ECF No. 17) and, on February 23, 2025, its Motion for Leave to File Amended Petition for Removal (ECF No. 18). Because Defendant PRRC sought leave to amend its Petition for Removal within thirty days of its receipt of notice of DDS' citizenship – *i.e.*, the document from which it could first be ascertained that this case was one which was or had become removable – Defendant PRRC may amend its Notice of Removal.[1] *See Lovern, supra*.

The authorities Plaintiff cites in her opposition concern attempts to amend after the time for removal expired and are thus not persuasive here. (ECF No. 19 at pp. 2–3 (citing *Johnson v. Nutrex Rsch., Inc.*, 429 F. Supp. 2d 723, 727–28 (D. Md. 2006) (granting plaintiff's motion to remand when defendants never sought to amend their notice of removal and deficiency in the

---

[1] Counsel for Defendant DDC advised counsel for Defendant PRRC via email on February 11, 2025 that all members of DDS live in Delaware and DDS consents to the removal. (ECF No. 18-1 ¶ 8.) Because Defendant PRRC filed its Motion for Leave to File Amended Petition for Removal on February 23, the court concludes that the amended notice of removal was filed within 30 days of PRRC's earliest receipt of any notice that the case was one which was or had become removable.

notice of removal was "not a mere technical defect of the type that courts have permitted a removing defendant to correct after the time for removal has expired."); *Egle Nursing Home, Inc. v. Erie Ins. Grp.*, 981 F. Supp. 932, 935 (D. Md. 1997) (granting motion to remand and denying motion to amend notice of removal filed after the thirty-day period for removal had passed))).

Accordingly, it is this 4th day of April 2025, hereby

**ORDERED** that the Motion for leave to File Amended Petition for Removal (ECF No. 18) is **GRANTED** and Madam Clerk shall docket the Amended Petition for Removal at ECF No. 18-2; and further it is

**ORDERED** that the Motion to Remand (ECF No. 3) is **DENIED AS MOOT**; and further it is

**ORDERED** that pursuant to 28 U.S.C. § 1447(c), Plaintiff's deadline to file a motion to remand is thirty days from date of filing of the Amended Petition for Removal.

                                                                         /S/
                                                                       Julie R. Rubin
                                                                       United States District Judge