IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| **BERTHA GREEN**<br><br>PLAINTIFF<br><br>VS-<br><br>**PRRC, INC. D/B/A PRICE RITE OF ROSEDALE PLAZA , ET AL**<br><br>DEFENDANTS | Case No.: C-24-CV-24-002343 |

**PLAINTIFF FIRST INTERROGATORIES TO**
**DEFENDANT PRRC, INC. D/B/A PRICE RITE OF ROSEDALE PLAZA**

Pursuant to the Federal Rules of Civil Procedure, Bertha Green, by her undersigned attorneys, propounds these Interrogatories, to which you shall respond separately and fully, in writing and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth hereinafter.

**INSTRUCTIONS**

a. These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b. Unless otherwise stated, these Interrogatories refer to the time, place, and circumstances of the occurrence mentioned or complained of in the Complaint.

c. Where name and identity of a person is required, please state full name, home address and also business address, if known.

d. Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, his attorney's.

e. When answer is made by corporate defendant, state the name, address and title of persons supplying the information and making the affidavit, and announce the source of his or her information.

f. The pronoun "you" refers to the party to whom the Interrogatories are addressed and the parties mentioned in clause (d).

g. "Identify" when referring to an individual, corporation, or other entity shall mean to set forth the name and telephone number, and if a corporation or other entity, its principle place of business, or if an individual, the present or last known home address, his or her job title or titles, by whom employed and address of the place of employment.

h. PREMISES- The premises as described in Plaintiff's Second Amended Complaint.

## INTERROGATORIES

1. State the name, address, job title, and job duties of each person who participated in preparing responses to these interrogatories.

2. Identify all persons who have knowledge of the incident described in the Complaint occurring on September 11, 2021, and for each person state, their full name, address, and telephone number, their relationship to any party in this lawsuit, the subject matter of their knowledge and whether you have obtained a written or recorded statement from them.

3. Describe in detail your relationship with the other defendants regarding the ownership, maintenance, and control of the premises located at 1753 Chesaco Ave, Baltimore, MD 21237, including but not limited to any contractual relationships, maintenance agreements, or property management agreements.

4. State the name, address, and job title of all persons responsible for inspecting, maintaining, or repairing the shopping cart corrals and surrounding parking lot area at the premises during the period of January 1, 2019, through September 11, 2021.

5. Describe in detail your procedures and protocols for inspecting and maintaining the shopping cart corrals and surrounding parking lot areas, including the frequency of inspections, documentation of inspections, maintenance schedules, and repair procedures.

2

6. Identify all repairs or modifications made to any shopping cart corral or the surrounding parking lot area at the premises during the period of January 1, 2020, through September 11, 2021.

7. State whether you or any other party received any complaints, reports, or notices regarding the condition of any shopping cart corral or surrounding parking lot area at the premises during the period of January 1, 2020, through September 11, 2021, and if so, describe with particularity those complaints, repairs, or notices.

8. Identify all employees who were working at the premises on September 11, 2021, including their, full name and contact information, job title, shift hours, and job responsibilities

9. Describe in detail any investigation conducted regarding the incident alleged in the Complaint, including, who conducted the investigation, when it was conducted, what was discovered and what conclusions were reached.

10. Identify all photographs, videos, or other visual recordings that show the condition of the shopping cart corral or surrounding area where the incident occurred, taken within 30 days before or after September 11, 2021.

11. Describe any and all remedial measures taken after the September 11, 2021 incident at issue, including their cost and difficulty.

12. State whether any similar incidents involving shopping cart corrals or the surrounding parking lot area occurred at the premises or at any other premises that you own or control within five years prior to September 11, 2021.

13. Describe your policies and procedures for documenting and responding to customer incidents or accidents on the premises.

14. Identify all persons responsible for safety and risk management at the premises on September 11, 2021.

15. State whether any security cameras captured the incident or the area where the incident occurred, and if so, the location of each camera, the retention period for recordings, and whether the footage still exists, and if not, why.

16. Identify all contractors or third-party vendors responsible for maintaining, repairing, or inspecting the parking lot or shopping cart corrals during 2021.

17. State whether any warning signs were posted near the shopping cart corral regarding potential hazards, and if so, the content of such signs, their location, and when they were installed.

18. Identify all written policies, procedures, or manuals relating to the maintenance and inspection of shopping cart corrals and parking lot areas.

19. State whether any architectural or engineering studies have been conducted regarding the design or placement of shopping cart corrals at the premises.

20. Identify all communications between you and any other party or entity regarding the maintenance, repair, or condition of the shopping cart corrals or parking lot area from January 1, 2018 until the present date.

21. Identify any person or party other than Defendant(s) to this lawsuit whom you contend caused or contributed to the occurrence complained of, including any architect, engineer, designer, contractor, subcontractor or others. Include in your answer whether you blame Plaintiff for Plaintiff's own injuries.

22. Please state in your own words what you believe happened to the Plaintiff while she was on the Premises and include in your answer the basis upon which you have formed that belief.

23. Do you contend Plaintiff knew or should have known the area in which Plaintiff fell was not safe to be walked on by the Plaintiff or anyone else?  If so, set forth all facts upon which you intend to reply upon at trial to support your answer.

24. Do you contend that a reasonable prudent person traveling across the area in question should have been able to maintain his/her balance and avoided the fall? If so, set forth all facts upon which you intend to reply upon at trial to support your answer.

25. If you contend the Plaintiff has made an admission, please set forth each and every admission.


By Counsel


*/s/ Christopher Getty*
Christopher Getty
VSB# 96436
Morgan & Morgan, DC PLLC
20 M Street SE, Suite 600,
Washington, DC 20003
Email: cgetty@forthepeople.com
Phone: (202) 772-0587
*Counsel for Ms. Green*

5

## IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| **BERTHA GREEN**<br><br>     PLAINTIFF<br><br>VS-<br><br>**PRRC, INC. D/B/A PRICE RITE OF ROSEDALE PLAZA , ET AL**<br><br>     DEFENDANTS | Case No.: C-24-CV-24-002343 |

### PLAINTIFF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PRRC, INC. D/B/A PRICE RITE OF ROSEDALE PLAZA

You are requested to file within thirty (30) days a written response to request on the (attached Document Schedule) and to produce those documents for inspection and copying.

a. Your written response shall state with respect to each item or category, that inspection-related activities will be permitted as requested, unless request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, that part shall be specified.

b. In accordance, the documents shall be produced as they are covered in the usual course of business or you shall organize and label them to correspond with the categories in the request.

c. These requests shall encompass all items within your possession, custody or control.

d. These requests are continuing in character so as to require you to promptly amend or supplement your response if you obtain further material information.

e. If in responding to these requests you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous in the construction used, in responding.

### DEFINITIONS

6

As used herein, the following terms shall have the meaning indicated: (a) "Document" or "documents" means any document in the custody, possession or control of plaintiff or known to plaintiff, whether printed, recorded, produced, reproduced by any process, or written or produced by hand, of any kind of description, whether sent or received or neither, including originals, copies, drafts and non-identical copies and both sides thereof, and whether or not claimed to be privileged or exempt from production for any reason, including but not limited to letters, papers, reports, agreements, contracts, opinions, estimates, communications, messages, correspondence, telegrams, mail- grams, telex messages, memoranda, inter- or intraoffice communications, summaries and records and minutes and reports and recordings of telephone and other conversations and interviews and conferences and meetings, diaries, photographs, tape and other sound and video recordings, models, lists, statistical statements, graphs, calendars, desk calendars, appointment books, laboratory reports and notebooks, charts, plans, drawings, journals, work papers, work orders, transcripts, lists of persons attending meetings or conferences, reports and summaries of consultants, appraisals, reports and summaries of negotiations, analyses, diagnoses, studies, summaries, proposals, evaluations, brochures, pamphlets, advertisements, circular's, invoices and preliminary notes, financial statements, financial records, checks, canceled checks, check stubs, bills, medical reports, computer printouts, data processing input and output, microfilms, and other records kept by electronic, photographic or mechanical means, and things similar to the foregoing, however denominated, and drafts and revisions of drafts of any document. Any comment or notation appearing on any documents which is not a part of the original text is to be considered a separate "document." If any document requested to be identified was but is no longer in your possession or control or is no longer in existence, state whether it is: (1) missing or lost, (2) destroyed, (3) transferred voluntarily or involuntarily to another, and, if so, to whom, or (4) otherwise disposed or. In each instance explain the circumstances surrounding the authorization of such disposition thereof, state the approximate date thereof and describe its contents.

(b) "You" and "your" shall mean the Defendant named above, as well as its agents, employees, attorneys, investigators and all other "persons" acting for said parties. (c) "Refers to," "relates to"

or "pertains to" any given subject when used to specify a document, communication or statement, means any document, communication or statement that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with or is in any manner whatsoever pertinent to that subject.

## **DOCUMENTS TO BE PRODUCED**

You are hereby requested to produce the following documents and tangible things as defined under the definitions section of this discovery request at the offices of your attorney for inspection and copying by the opposing attorney within the time prescribed by the Maryland Rules of Civil Procedure.

Produce the following documents requested below which are in the actual or constructive possession, custody, or control of you, your associates, or your attorneys consistent with the aforementioned instructions:

### REQUESTS

1. All photographs, videos, or other visual recordings of the incident described in the Complaint.

2. All incident reports, accident reports, or other documents relating to the incident described in the Complaint.

3. All maintenance records, repair orders, or work orders relating to the shopping cart corrals and surrounding parking lot area for the period of January 1, 2018, through September 11, 2021.

4. All contracts, agreements, or memoranda of understanding between the defendants or between you and any other party regarding the ownership, maintenance, or control of the premises.

5. All written policies, procedures, manuals, or employee training materials regarding the inspection and maintenance of shopping cart corrals and parking lot areas.

6. All documents relating to any similar incidents involving shopping cart corrals or parking lot areas at the premises or at any other premises you own or operate within five years prior to September 11, 2021.

7. Any and all insurance policies that may provide coverage for the incident described in the Complaint. This includes, but are not limited to, primary, excess and umbrella policies.

8. All security camera footage showing the incident or the area where the incident occurred.

9. All documents relating to any investigation conducted regarding the incident described in the Complaint.

10. All maintenance contracts with third-party vendors regarding the parking lot or shopping cart corrals.

11. All complaints, reports, or notices received regarding the condition of any shopping cart corral or parking lot area at the premises during the period of January 1, 2020, through September 11, 2021.

12. All documents relating to any repairs or modifications made to the shopping cart corrals or surrounding area after September 11, 2021.

13. All employee schedules and time records for September 11, 2021.

14. All documents reflecting the ownership history of the premises from January 1, 2020, through September 11, 2021.

15. All correspondence with any governmental agency regarding the condition of the premises' parking lot or shopping cart corrals.

16. All documents relating to any risk assessments or safety evaluations of the parking lot area and shopping cart corrals.

17. All maintenance logs or records documenting routine inspections of the premises' parking lot and shopping cart corrals.

18. All documents relating to the purchase, installation, or modification of shopping cart corrals at the premises.

19. All documentation of employee training sessions regarding premises safety and maintenance conducted in 2021.

20. All photographs or videos of any repairs made to shopping cart corrals or the surrounding area during 2021.

21. All documents relating to the statements of witnesses to the occurrence alleged in the complaint including witnesses who were within sight or hearing of the occurrence or have knowledge from any source as to how it is thought to have occurred.

22. All documents relating to the manner of the occurrence, the events giving rise or leading up to it and the cause thereof, other than any statements of witnesses or parties produced in response to any of the preceding requests.

23. All statements by potential witness in this matter.

24. All documents responsive to your Answer to Plaintiff's Interrogatories.

25. All medical reports, surgical records, consent forms, financial records, bills, invoices, writings, c.d.'s, notes, electronically stored data, or memoranda in your possession, relating in any way to the Plaintiff's physical, or medical condition, illnesses or disability.

By Counsel

*/s/ Christopher Getty*
Christopher Getty
VSB# 96436
Morgan & Morgan, DC PLLC
20 M Street SE, Suite 600,
Washington, DC 20003
Email: cgetty@forthepeople.com
Phone: (202) 772-0587
*Counsel for Ms. Green*

**IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND**

**BERTHA GREEN**

     PLAINTIFF

VS-

**PRRC, INC. D/B/A PRICE RITE OF ROSEDALE PLAZA , ET AL**

     DEFENDANTS

Case No.: C-24-CV-24-002343

**PLAINTIFF REQUEST FOR ADMISSIONS OF FACTS TO DEFENDANT PRRC, INC. D/B/A PRICE RITE OF ROSEDALE PLAZA**

Plaintiff, Bertha Green, by and through her attorneys, requests that Defendant admit or deny the following statements of law. If objection is made, please state the reason for the objection.

Please specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. Also, please note that the term "incident" refers to the Plaintiff trip and fall which is the subject of this lawsuit and which is described in her Second Amended Complaint (SAC):

**REQUESTS FOR ADMISSIONS**

1. Admit that on September 11, 2021, Defendant PRRC, INC. D/B/A PRICE RITE OF ROSEDALE PLAZA operated a business at 1753 Chesaco Ave, Baltimore, MD 21237.

2. Admit that on September 11, 2021, Defendant DDS INVESTMENT II, LLC owned the premises located at 1753 Chesaco Ave, Baltimore, MD 21237.

3. Admit that Plaintiff Bertha Green was a business invitee at the premises on September 11, 2021.

4. Admit that there were shopping cart corrals in the parking lot of the premises on September 11, 2021.

5. Admit that Defendants were responsible for maintaining the shopping cart corrals in the parking lot.

6. Admit that Defendants were responsible for maintaining the parking lot area surrounding the shopping cart corrals.

7. Admit that Defendants conducted regular inspections of the shopping cart corrals.

8. Admit that Defendants conducted regular inspections of the parking lot area.

9. Admit that there was a metal piece protruding from the asphalt near a shopping cart corral on September 11, 2021.

10. Admit that Plaintiff fell near a shopping cart corral on September 11, 2021.

11. Admit that Defendants had a duty to maintain the premises in a reasonably safe condition for business invitees.

12. Admit that no warning signs were posted near the shopping cart corral where the incident occurred.

13. Admit that Defendants had actual or constructive notice of the condition of the parking lot area near the shopping cart corrals.

14. Admit that an incident report was prepared regarding Plaintiff's fall.

15. Admit that Defendants had the authority to make repairs to the shopping cart corrals and surrounding parking lot area.

16. Admit that the parking lot area where Plaintiff fell was under Defendants' control.

17. Admit that no barriers or warnings were in place to prevent access to the area where Plaintiff fell.

18. Admit that Plaintiff did not contribute to her injuries.


By Counsel


*/s/ Christopher Getty*
Christopher Getty
VSB# 96436
Morgan & Morgan, DC PLLC
20 M Street SE, Suite 600,
Washington, DC 20003
Email: cgetty@forthepeople.com
Phone: (202) 772-0587
*Counsel for Ms. Green*

## CERTIFICATE OF SERVICE

I certify that I served a copy of Ms. Green's interrogatories, requests for production, and requests for admission to Defendant PRRC, INC. D/B/A Price Rite Of Rosedale Plaza by electronic mail, as consented to by all counsel, on June 23, 2025.


*/s/ Christopher Getty*
Christopher Getty