## IN THE UNITED STATES DISTRICT COURT OF MARYLAND
### Baltimore Division

**BERTHA GREEN**

      PLAINTIFF

VS-

**PRRC, INC. D/B/A PRICE RITE OF ROSEDALE PLAZA , ET AL**

      DEFENDANTS

Civil Case No.: 1:25-cv-00385

## <u>BERTHA GREENS FIRST SET OF INTERROGATORIES TO DEFENDANT DDS INVESTMENTS</u>

Pursuant to the Federal Rules of Civil Procedure, Bertha Green, by her undersigned attorneys, propounds these Interrogatories, to which you shall respond separately and fully, in writing and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth hereinafter.

### INSTRUCTIONS

a. These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b. Unless otherwise stated, these Interrogatories refer to the time, place, and circumstances of the occurrence mentioned or complained of in the Complaint.

c. Where name and identity of a person is required, please state full name, home address and also business address, if known.

d. Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, his attorney's.

e. When answer is made by corporate defendant, state the name, address and title of persons supplying the information and making the affidavit, and announce the source of his or her information.

1

f. The pronoun "you" refers to the party to whom the Interrogatories are addressed and the parties mentioned in clause (d).

g. "Identify" when referring to an individual, corporation, or other entity shall mean to set forth the name and telephone number, and if a corporation or other entity, its principle place of business, or if an individual, the present or last known home address, his or her job title or titles, by whom employed and address of the place of employment.

h. PREMISES- The premises as described in Plaintiff's Second Amended Complaint.

## INSTRUCTION REGARDING ANY ALLEGED AMBIGUITY

Significant effort has been spent to define a number of terms used in the following discovery requests to avoid ambiguity. If you claim you do not understand the meaning of a term, please refer to the list of definitions or contact the opposing attorney.

## INTERROGATORIES

1. State the name, address, job title, and job duties of each person who participated in preparing responses to these interrogatories.

2. Identify all persons who have knowledge of the incident described in the Complaint occurring on September 11, 2021, and for each person state, their full name, address, and telephone number, their relationship to any party in this lawsuit, the subject matter of their knowledge and whether you have obtained a written or recorded statement from them.

3. Describe in detail your responsibilities as owner and operator of the common areas at 1753 Chesaco Ave, Baltimore, MD 21237, including but not limited to, the specific areas under your control, maintenance responsibilities, security responsibilities, and relationship with tenant businesses.

4. Identify all contracts, leases, agreements, or arrangements between DDS INVESTMENT II, LLC and any other entity regarding the maintenance, repair, or operation of common areas at the premises, including but not limited to, property management agreements,

maintenance contracts, service agreements and lease agreements defining common area responsibilities

5. State the name, address, and job title of all persons employed by DDS INVESTMENT II, LLC who were responsible for inspecting, maintaining, or repairing the common areas, including parking lots and shopping cart corrals, during the period of January 1, 2021, through September 11, 2021.

6. Describe your procedures and protocols specifically related to common area maintenance, including, frequency of inspections, documentation methods, response times for reported issues, and coordination with tenants.

7. Identify all third-party contractors hired by DDS INVESTMENT II, LLC for, parking lot maintenance, general repairs, safety inspections, and common area cleaning from July 1, 2021 until September 11, 2021.

8. Describe your policies and procedures for common area safety inspections, maintenance of parking lot surfaces, repair of reported hazards and documentation of maintenance activities.

9. State whether DDS INVESTMENT II, LLC maintains separate insurance coverage for common areas, and if so, provide, name of insurer, coverage limits and dates of coverage.

10. Identify all persons involved in making decisions regarding common area maintenance budgets and expenditures during 2021.

11. State whether DDS INVESTMENT II, LLC conducted any safety audits or inspections of common areas during 2019-2021, and if so, dates of inspections, who conducted them, findings and actions taken in response.

12. State the name, address, and job title of all persons responsible for inspecting, maintaining, or repairing the shopping cart corrals and surrounding parking lot area at the premises during the period of January 1, 2019, through September 11, 2021.

13. Identify all repairs or modifications made to any shopping cart corral or the surrounding parking lot area at the premises during the period of January 1, 2020, through September 11, 2021.

14. State whether you received any complaints, reports, or notices regarding the condition of any shopping cart corral or surrounding parking lot area at the premises during the period of January 1, 2018, through September 11, 2021, and if so, describe with particularity those complaints, repairs, or notices.

15. Describe in detail any investigation conducted regarding the incident alleged in the Complaint, including, who conducted the investigation, when it was conducted, what was discovered and what conclusions were reached.

16. Identify all photographs, videos, or other visual recordings that show the condition of the shopping cart corral or surrounding area where the incident occurred, taken within 30 days before or after September 11, 2021.

17. State whether any similar incidents involving shopping cart corrals or the surrounding parking lot area occurred at the premises or at any other premises you own or manage within five years prior to September 11, 2021.

18. Describe your policies and procedures for documenting and responding to customer and/or tenant incidents, or accidents on the premises.

19. State whether any architectural or engineering studies have been conducted regarding the design or placement of shopping cart corrals at the premises.

20. Identify all communications between defendants regarding the maintenance, repair, or condition of the shopping cart corrals or parking lot area from January 1, 2018 until the present date.

21. Identify any person or party other than Defendant(s) to this lawsuit whom you contend caused or contributed to the occurrence complained of, including any architect, engineer, designer, contractor, subcontractor or others. Include in your answer whether you blame Plaintiff for Plaintiff's own injuries.

22. Do you contend Plaintiff knew or should have known the area in which Plaintiff fell was not safe to be walked on by the Plaintiff or anyone else? If so, set forth all facts upon which you intend to reply upon at trial to support your answer.

23. Do you contend that a reasonable prudent person traveling across the area in question should have been able to maintain his/her balance and avoided the fall? If so, set forth all facts upon which you intend to reply upon at trial to support your answer.

24. If you contend the Plaintiff has made an admission, please set forth each and every admission.

25. Describe any remedial measures taken as a result of this incident to remediate the condition at issue, including the cost of such remediation.


By Counsel


*/s/ Christopher Getty*
Christopher Getty
VSB# 96436
Morgan & Morgan, DC PLLC
20 M Street SE, Suite 600,
Washington, DC 20003
Email: cgetty@forthepeople.com
Phone: (202) 772-0587

*Counsel for Ms. Green*

## IN THE UNITED STATES DISTRICT COURT OF MARYLAND
### Baltimore Division

**BERTHA GREEN**

     PLAINTIFF

VS-

**PRRC, INC. D/B/A PRICE RITE OF
ROSEDALE PLAZA , ET AL**

     DEFENDANTS

Civil Case No.: 1:25-cv-00385

### BERTHA GREEN'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DDS INVESTMENTS II, LLC

You are requested to file within thirty (30) days a written response to request on the (attached Document Schedule) and to produce those documents for inspection and copying.

a. Your written response shall state with respect to each item or category, that inspection-related activities will be permitted as requested, unless request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, that part shall be specified.

b. In accordance, the documents shall be produced as they are covered in the usual course of business or you shall organize and label them to correspond with the categories in the request.

c. These requests shall encompass all items within your possession, custody or control.

d. These requests are continuing in character so as to require you to promptly amend or supplement your response if you obtain further material information.

e. If in responding to these requests you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous in the construction used, in responding.

### DEFINITIONS

7

As used herein, the following terms shall have the meaning indicated: (a) "Document" or "documents" means any document in the custody, possession or control of plaintiff or known to plaintiff, whether printed, recorded, produced, reproduced by any process, or written or produced by hand, of any kind of description, whether sent or received or neither, including originals, copies, drafts and non-identical copies and both sides thereof, and whether or not claimed to be privileged or exempt from production for any reason, including but not limited to letters, papers, reports, agreements, contracts, opinions, estimates, communications, messages, correspondence, telegrams, mail- grams, telex messages, memoranda, inter- or intraoffice communications, summaries and records and minutes and reports and recordings of telephone and other conversations and interviews and conferences and meetings, diaries, photographs, tape and other sound and video recordings, models, lists, statistical statements, graphs, calendars, desk calendars, appointment books, laboratory reports and notebooks, charts, plans, drawings, journals, work papers, work orders, transcripts, lists of persons attending meetings or conferences, reports and summaries of consultants, appraisals, reports and summaries of negotiations, analyses, diagnoses, studies, summaries, proposals, evaluations, brochures, pamphlets, advertisements, circular's, invoices and preliminary notes, financial statements, financial records, checks, canceled checks, check stubs, bills, medical reports, computer printouts, data processing input and output, microfilms, and other records kept by electronic, photographic or mechanical means, and things similar to the foregoing, however denominated, and drafts and revisions of drafts of any document. Any comment or notation appearing on any documents which is not a part of the original text is to be considered a separate "document." If any document requested to be identified was but is no longer in your possession or control or is no longer in existence, state whether it is: (1) missing or lost, (2) destroyed, (3) transferred voluntarily or involuntarily to another, and, if so, to whom, or (4) otherwise disposed or. In each instance explain the circumstances surrounding the authorization of such disposition thereof, state the approximate date thereof and describe its contents.

(b) "You" and "your" shall mean the Defendant named above, as well as its agents, employees, attorneys, investigators and all other "persons" acting for said parties. (c) "Refers to," "relates to"

8

or "pertains to" any given subject when used to specify a document, communication or statement, means any document, communication or statement that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with or is in any manner whatsoever pertinent to that subject.

## **DOCUMENTS TO BE PRODUCED**

You are hereby requested to produce the following documents and tangible things as defined under the definitions section of this discovery request at the offices of your attorney for inspection and copying by the opposing attorney within the time prescribed by the Federal Rules of Civil Procedure.

Produce the following documents requested below which are in the actual or constructive possession, custody, or control of you, your associates, or your attorneys consistent with the aforementioned instructions:

## REQUESTS

1. All photographs, videos, or other visual recordings of the incident described in the Complaint.

2. All maintenance contracts relating to common areas, including parking lots, for the period of January 1, 2020, through September 11, 2021.

3. All maintenance logs, repair records, or work orders relating to common areas for the period of January 1, 2020, through September 11, 2021.

4. All documentation, including but not limited to, communications with tenants regarding common area maintenance or repairs during 2021.

5. All photographs or videos of common areas taken within 30 days before or after September 11, 2021.

6. All documents relating to any reported incidents or accidents in common areas from January 1, 2020, through September 11, 2021.

7. All policies and procedures regarding common area maintenance and inspection.

10. All photographs, videos, or other visual recordings of the shopping cart corral and surrounding area where the incident occurred, taken within 30 days before or after September 11, 2021.

11. All incident reports, accident reports, or other documents relating to the incident described in the Complaint.

12. All maintenance records, repair orders, or work orders relating to the shopping cart corrals and surrounding parking lot area for the period of January 1, 2018, through September 11, 2021.

13. All inspection reports or checklists regarding the shopping cart corrals and parking lot area for the period of January 1, 2020, through September 11, 2021.

14. All written policies, procedures, manuals, or training materials regarding the inspection and maintenance of shopping cart corrals and parking lot areas.

15. All documents relating to any similar incidents involving shopping cart corrals or parking lot areas at the premises or any other premises you owned or managed within five years prior to September 11, 2021.

16.  Any and all insurance policies that may provide coverage for the incident described in the Complaint. This includes, but are not limited to, primary, excess and umbrella policies.

17. All security camera footage showing the incident or the area where the incident occurred.

18. All documents relating to any investigation conducted regarding the incident described in the Complaint.

19. All complaints, reports, or notices received regarding the condition of any shopping cart corral or parking lot area at the premises during the period of January 1, 2020, through September 11, 2021.

20. All documents relating to any repairs or modifications made to the shopping cart corrals or surrounding area after September 11, 2021, including the cost of any remedial measures.

21. All architectural or engineering plans or drawings relating to the design or placement of shopping cart corrals at the premises.

22. All employee schedules and time records for September 11, 2021.

23. All correspondence with any governmental agency regarding the condition of the premises' parking lot or shopping cart corrals.

24. All documents relating to any risk assessments or safety evaluations of the parking lot area and shopping cart corrals.

25. All medical reports, surgical records, consent forms, financial records, bills, invoices, writings, c.d.'s, notes, electronically stored data, or memoranda in your possession, relating in any way to the Plaintiff's physical, or medical condition, illnesses or disability.


By Counsel


*/s/ Christopher Getty*
Christopher Getty
VSB# 96436
Morgan & Morgan, DC PLLC
20 M Street SE, Suite 600,
Washington, DC 20003
Email: cgetty@forthepeople.com
Phone: (202) 772-0587
*Counsel for Ms. Green*

## IN THE UNITED STATES DISTRICT COURT OF MARYLAND
### Baltimore Division

**BERTHA GREEN**

     PLAINTIFF

VS-

**PRRC, INC. D/B/A PRICE RITE OF ROSEDALE PLAZA , ET AL**

     DEFENDANTS

Civil Case No.: 1:25-cv-00385

## BERTHA GREEN'S REQUESTS FOR ADMISSIONS OF FACT TO DEFENDANT DDS INVESTMENTS

Plaintiff, Bertha Green, by and through her attorneys, requests that Defendant admit or deny the following statements of law. If objection is made, please state the reason for the objection.

Please specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. Also, please note that the term "incident" refers to the Plaintiff trip and fall which is the subject of this lawsuit and which is described in her Second Amended Complaint (SAC):

## REQUESTS FOR ADMISSIONS

1. Admit that DDS INVESTMENT II, LLC owned the premises located at 1753 Chesaco Ave, Baltimore, MD 21237 on September 11, 2021.

2. Admit that DDS INVESTMENT II, LLC was responsible for maintaining the common areas of the premises on September 11, 2021.

3. Admit that the parking lot where Plaintiff fell was part of the common areas under DDS INVESTMENT II, LLC's control.

4.  Admit that DDS INVESTMENT II, LLC was responsible for inspecting common areas for dangerous conditions.

5.  Admit that DDS INVESTMENT II, LLC had a duty to maintain common areas in a reasonably safe condition.

6.  Admit that DDS INVESTMENT II, LLC was responsible for repairs to the parking lot surface in common areas.

7.  Admit that DDS INVESTMENT II, LLC employed or contracted with personnel to maintain common areas.

8.  Admit that DDS INVESTMENT II, LLC had authority to make repairs to common areas without tenant approval.

9.  Admit that DDS INVESTMENT II, LLC conducted regular inspections of common areas.

10. Admit that DDS INVESTMENT II, LLC had the authority to close off portions of common areas for maintenance or safety reasons.

11. Admit that Plaintiff Bertha Green was a business invitee at the premises on September 11, 2021.

12. Admit that there were shopping cart corrals in the parking lot of the premises on September 11, 2021.

13. Admit that Defendants were responsible for maintaining the shopping cart corrals in the parking lot.

14. Admit that Defendants were responsible for maintaining the parking lot area surrounding the shopping cart corrals.

15. Admit that Defendants conducted regular inspections of the shopping cart corrals and parking lot area.

16. Admit that there was a metal piece protruding from the asphalt near a shopping cart corral on September 11, 2021.

17. Admit that no warning signs were posted near the shopping cart corral where the incident occurred.

18. Admit that Defendants had actual or constructive notice of the condition of the parking lot area near the shopping cart corrals.

19. Admit that Defendants maintained written policies regarding the inspection and maintenance of the parking lot area.

20. Admit that Defendants employed personnel responsible for premises maintenance on September 11, 2021.

21. Admit that Defendants had the authority to make repairs to the shopping cart corrals and surrounding parking lot area.

22. Admit that no barriers or warnings were in place to prevent access to the area where Plaintiff fell.

23. Admit that Plaintiff did not contribute to her injuries.


By Counsel


*/s/ Christopher Getty*
Christopher Getty
VSB# 96436
Morgan & Morgan, DC PLLC
20 M Street SE, Suite 600,
Washington, DC 20003
Email: cgetty@forthepeople.com
Phone: (202) 772-0587
*Counsel for Ms. Green*

## **CERTIFICATE OF SERVICE**

I certify that I served a copy of Ms. Green's interrogatories, requests for production, and requests for admission to Defendant DDS Investments by electronic mail, as consented to by all counsel, on June 23, 2025.


*/s/ Christopher Getty*
Christopher Getty